UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-CV-10305-RWZ

ESTATE OF ROBERTA NEWELL, and
DAVID FELDMAN and DEBRA FELDMAN as Personal
Representatives for the Estate
of Roberta Newell, Appellants

v.

JOHN O. DESMOND, as Chapter 7 Trustee
of the Estate of Debra L. Feldman, Appellee

MEMORANDUM & ORDER

May 4, 2022

ZOBEL, S.D.J.

By an order entered on February 8, 2021, the United States Bankruptcy Court for the District of Massachusetts denied the Probate Estate of Roberta Newell's Motion to Avoid a Judicial Lien. For the reasons explained below, the bankruptcy court's order is AFFIRMED.[1]

On September 2, 2016, Debra L. Feldman (the "Debtor") had filed a petition for chapter 7 bankruptcy. On September 12, 2016, the registry of deeds recorded the Debtor's transfer of her interest in a condominium unit at 250 Hammond Pond Parkway, Unit 1101-N, Chestnut Hill, Massachusetts ("the property") to her mother. On

---

[1] On February 14, 2022, the probate estate for Ms. Roberta Newell filed a Notice of a "Rule 12(e) More Definite Statement." Docket # 23. Rule 12(e) allows a motion "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This "notice" does fall under the purview of Rule 12(e) and therefore the court does not consider it.

December 31, 2019, the bankruptcy court granted partial summary judgment, allowing John Desmond, the trustee for the bankruptcy estate, to avoid that transfer. On February 8, 2021, the Debtor's mother's probate estate (the "Probate Estate")[2] filed a motion to "Avoid the Judicial Lien Created By Dkt. 237," pursuant to 11 U.S.C.§ 522(f). That same day, the bankruptcy court denied the Probate Estate's motion, stating, "[t]he relief requested is not available to the movant." The Probate Estate's appeal of that order is now before this court.

The issue on appeal is whether the Probate Estate was entitled to avoid a judicial lien pursuant to 11 U.S.C.§ 522(f). This question of law is reviewed de novo. See, e.g., In re Gordon, 487 B.R. 600, 602 (B.A.P. 1st Cir. 2013); In re Morad, 323 B.R. 818, 822 (B.A.P. 1st Cir. 2005).

The Probate Estate argues that it was entitled to avoid the judicial lien created by the bankruptcy court's December 31, 2019 order because the property was subject to a homestead exemption. The trustee asserts that the bankruptcy estate properly avoided the post-petition property transfer, refutes the Probate Estate's right as a non-debtor to avoid a judicial lien, and questions whether the December 31, 2019 order even created a judicial lien on the property. The only issue before this court is whether the Probate Estate was entitled to avoid a judicial lien pursuant to 11 U.S.C.§ 522(f).

Section 522(f) of the Bankruptcy Code provides in part:

> . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien . . . .

---

[2] The Debtor's mother, Ms. Newell passed away on April 18, 2020 and her probate estate proceeds in her stead.

11 U.S.C. § 522(f).  To take advantage of the Bankruptcy Code's provision for avoiding a judicial lien, the party must be a debtor entitled to exempt property.  See In re Garran, 338 F.3d 1, 5 (1st Cir. 2003); In re Church, No. 08-16202-JNF, 2009 WL 3754399, at *1 (Bankr. D. Mass. Nov. 3, 2009) (two of the "basic elements of an avoidable lien under section 522(f)(1)(A)" are that "there must be an exemption to which the debtor 'would have been entitled under subsection (b) of this section'" and "the property must be listed on the debtor's schedules and claimed as exempt").

Here, the Probate Estate is not the debtor.  The relief requested therefore was not available to it.  For these reasons, the bankruptcy court's February 8, 2021 order is AFFIRMED.  Judgment may be entered affirming the order of the bankruptcy court.

_____May 4, 2022_____  
DATE

_____/s/ Rya W. Zobel_____  
RYA W. ZOBEL  
UNITED STATES DISTRICT JUDGE